IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO
**Judge Philip A. Brimmer**

Civil Action No. 11-cv-01744-PAB-KMT

RICHFIELD HOSPITALITY, INC., a Colorado corporation,

    Plaintiff,

v.

CHARTER ONE HOTELS AND RESORTS, INC., a Florida corporation,
STEVE COOK, an individual,
THOMAS FARINACCI, an individual,

    Defendants.

---

## ORDER OF REMAND

---

The Court takes up this matter on plaintiff's motion for remand [Docket No. 8] for lack of subject matter jurisdiction and defendants' motion to strike plaintiff's motion for remand [Docket No. 11].

Defendants argue that the Court should strike plaintiff's motion for remand because plaintiff failed to comply with the conferral requirements of Local Rule 7.1(A). *See* D.C.COLO.LCivR 7.1(A). The Court agrees and will strike plaintiff's motion for remand.

Striking plaintiff's motion for remand, however, does not obviate the jurisdictional issue. In every case and at every stage of a proceeding, a federal court must satisfy itself as to its own jurisdiction, even if doing so requires *sua sponte* action. *Citizens Concerned for Separation of Church & State v. City & County of Denver*, 628 F.2d 1289, 1297, 1301 (10th Cir. 1980). Therefore, the Court must determine whether

defendants have established this Court's subject matter jurisdiction pursuant to 28 U.S.C. § 1332 in any event.

Defendants removed the present action from state court, alleging in their Notice of Removal that the Court has jurisdiction over the case based on 28 U.S.C. § 1332. *See* Docket No. 1 at 2, ¶ 11. Generally, a party may remove "any civil action brought in a State court of which the district courts of the United States have original jurisdiction." 28 U.S.C. § 1441(a) (2006). Relevant to the present case, "[t]he district courts shall have original jurisdiction of all civil actions where the matter in controversy exceeds the sum or value of $75,000, exclusive of interest and costs, and is between . . . citizens of different States . . . ." 28 U.S.C. 1332(a)(1) (2006).

It is well established that "[t]he party invoking federal jurisdiction bears the burden of establishing such jurisdiction as a threshold matter." *Radil v. Sanborn W. Camps, Inc.*, 384 F.3d 1220, 1224 (10th Cir. 2004). Therefore, when a defendant removes a case from state court asserting the existence of diversity jurisdiction, the removing defendant has the burden of establishing that the jurisdictional prerequisites of § 1332 have been satisfied. *Martin v. Franklin Capital Corp.*, 251 F.3d 1284, 1290 (10th Cir. 2001). Where uncertainties exist regarding the Court's jurisdiction, those uncertainties are resolved in favor of remand. *Martin*, 251 F.3d at 1290; *see also Laughlin v. Kmart Corp.*, 50 F.3d 871, 873 (10th Cir. 1995) ("[T]here is a presumption against removal jurisdiction.").

"Both the requisite amount in controversy and the existence of diversity must be affirmatively established on the face of either the petition or the removal notice."

*Laughlin*, 50 F.3d at 873.  "The amount in controversy is ordinarily determined by the allegations of the complaint, or, where they are not dispositive, by the allegations in the notice of removal."  *Martin*, 251 F.3d at 1290 (quoting *Laughlin*, 50 F.3d at 873).  When the plaintiff's damages are unspecified, the defendant must establish the jurisdictional amount by at least a preponderance of the evidence.  *Martin*, 251 F.3d at 1290.

In the Notice of Removal, defendants do not cite to any specific dollar amount suggested by the complaint.  The Court looks to the Notice of Removal to determine if defendants have "affirmatively established" the amount in controversy.  *Laughlin*, 50 F.3d at 873.  The only evidence that defendants cite in the Notice of Removal regarding the amount in controversy is the civil cover sheet, completed by plaintiff in state court, which "state[d] that the matter in controversy exceeds $100,000, exclusive of interest and costs."  Docket No. 1 at 2, ¶ 7.  It is firmly established in this District that state court civil cover sheets indicating that a plaintiff is "seeking a monetary judgment for more than $100,000 against another party" do not by themselves affirmatively establish the amount in controversy.  *See Baker v. Sears Holdings Corp.*, 557 F. Supp. 2d 1208, 1210 (D. Colo. 2007); *Bauer v. Kipling*, No. 10-cv-01615-WYD-MEH, 2010 WL 2867868, at *2 (D. Colo. July 21, 2010); *Graff v. Allergan, Inc.*, No. 10-cv-01296-CMA-BNB, 2010 WL 2400063, at *1 (D. Colo. June 14, 2010); *Asbury v. American Family Mut. Ins. Co.*, No. 08-cv-01522-REB-CBS, 2009 WL 310479, at *1-2 (D. Colo. Feb. 9, 2009).

In response to plaintiff's motion, defendants do not deny that their notice is deficient.  Instead, they supply additional evidence in their response and in a

"supplement" to their notice of removal. See Docket Nos. 12, 13. Defendants, however, have not moved to amend their notice of removal. See *Daneshvar v. Graphic Technology, Inc.*, 237 F. App'x 309, 314 (10th Cir. 2007) (noting that 28 U.S.C. § 1653 "permits amendment of 'incorrect statements about jurisdiction that actually exists, and not defects in the jurisdictional facts themselves'") (quoting *Newman-Green, Inc. v. Alfonzo-Larrain*, 490 U.S. 826, 831 (1989)). In any event, a review of the additional evidence does not establish the Court's subject matter jurisdiction.

Defendants must "prove jurisdictional facts by a 'preponderance of the evidence' such that the amount in controversy may exceed $75,000." *McPhail v. Deere & Company*, 529 F.3d 947, 953 (10th Cir. 2008) (quoting *Martin v. Franklin Capital Corp.*, 251 F.3d 1284, 1290 (10th Cir. 2001)). The Tenth Circuit has addressed how a defendant may meet the preponderance threshold "in the face of a silent complaint." *McPhail*, 529 F.3d at 954. "'[T]he removing defendant, as proponent of federal jurisdiction, must establish what the plaintiff stands to recover.'" *Id.* at 954 (quoting *Meridian Security Ins. Co. v. Sadowski*, 441 F.3d 536, 541-42 (7th Cir. 2006)). Doing so requires defendant to "affirmatively establish jurisdiction by providing jurisdictional *facts* that ma[k]e it *possible* that $75,000 [i]s in play." *Id.* at 955 (emphasis in original).

Defendants contend that plaintiff's claims, which allege *inter alia* interference by defendants in a contract between plaintiff and a non-party, appear to seek a lost annual base fee of $48,000 plus a $250 per month accounting fee that plaintiff would have received in the absence of the alleged interference.[1] Defendants further point out that

---

[1] Defendants also cite a contract provision regarding another fee plaintiff might stand to recover. Defendants, however, do not provide any calculation or estimate of

4

the contract arrangement was scheduled to extend through December 31, 2013, but that – allegedly as a result of defendants' interference – the third-party terminated it on May 4, 2011, resulting in approximately two years and seven months of lost fees. Defendants have not, however, calculated the amount of that potential loss. Assuming plaintiff seeks the total amount of the lost fees identified by defendants, those fees appear to total approximately $132,000.  Defendants also cite a payment by the non-party of $64,442 to plaintiff as liquidated damages resulting from the termination of the agreement. *Cf.* Docket No. 12-2 at 1, ¶ 2.  Although not clear from defendants' filings, assuming that the liquidated damages should be subtracted from plaintiff's potential damages recovery, the total resulting damages would not exceed $75,000.  And while defendants also note that plaintiff seeks its attorney's fees and costs, they have not estimated those amounts or provided any basis to calculate them.[2]  *Cf. Dudley-Barton v. Service Corp. Int'l.*, 2011 WL 1321955, at *3 (D. Colo. Apr. 5, 2011) ("This Court cannot be left to speculate as to potential damages, fees, or costs when no evidence is

---

that fee.

[2]Defendants contend that plaintiff could recover exemplary damages on its claims for misappropriation of trade secrets.  *See* Docket No. 12 at 3, ¶ 7 (citing Colo. Rev. Stat. § 7-74-104(2)).  Plaintiff, however, has not yet sought exemplary damages. Furthermore, defendants do not suggest what monetary value the Court should attach to plaintiff's request for punitive damages.  *See Nagim v. Abraham*, No. 11-cv-00731-REB-MEH, 2011 WL 1930399, at *2 (D. Colo. Apr. 5, 2011) ("Defendant merely alludes to the unspecified amount of punitive damages Plaintiff refers to in his request for relief. . . . Defendant fails to meet his burden of proof in articulating evidentiary grounds for the satisfaction of the jurisdictional minimum amount.").

5

before it."). Thus, even when additionally taking into account the civil cover sheet, defendants have not established that this Court has subject matter jurisdiction.[3]

For the foregoing reasons, it is

**ORDERED** that defendants' motion to strike plaintiff's motion for remand [Docket No. 11] is GRANTED and plaintiff's motion for remand [Docket No. 8] is STRICKEN. It is further

**ORDERED** that, due to this Court's lack of subject matter jurisdiction, this case is REMANDED to the District Court for the City and County of Denver, Colorado, where it was originally filed as Case No. 2011CV3916.

DATED August 11, 2011.

BY THE COURT:

s/Philip A. Brimmer
PHILIP A. BRIMMER
United States District Judge

---

[3]As a final note, defendants allege that defendant Steve Cook is a "resident" of Florida and that defendant Thomas Farinacci is a "resident" of Ohio. A natural person is a citizen of the state in which he or she is domiciled, not necessarily where he or she resides. *See Smith v. Cummings*, 445 F.3d 1254, 1259 (10th Cir. 2006). "To establish domicile in a particular state, a person must be physically present in the state and intend to remain there." *Id*. at 1260. Defendants' allegations regarding the citizenship of the natural person defendants are therefore also insufficient.